1

2

3

4

5

6

7

8

9                             IN THE UNITED STATES DISTRICT COURT

10                          FOR THE EASTERN DISTRICT OF CALIFORNIA

11    ARTHUR EUGENE JOHNSON,

12              Petitioner,                      No. CIV S-09-0850 JAM GGH P

13         vs.

14    JAMES A. YATES, et al.,

15              Respondents.                     <u>ORDER</u>

16    _____/

17              Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas

18    corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's June 10, 2009,

19    motion to dismiss on grounds that this action is barred by the statute of limitations.  For the

20    following reasons, further briefing is required.

21              This action is proceeding on the original petition file stamped March 27, 2009.

22    Petitioner challenges his 2005 conviction for attempted murder and possession of a firearm by a

23    felon.  Petitioner is serving a sentence of 59 years to life.

24              The petition raises the following claims: 1) ineffective assistance of counsel; 2)

25    ineffective assistance of appellate counsel; 3) factual innocence.  Petitioner's claims are based on

26    newly discovered evidence.  In particular, petitioner alleges that in 2006 petitioner's mother hired

1  private investigator Kenneth Addison to investigate petitioner's case.  Attached to the petition is

2  a letter to petitioner from Addison dated July 5, 2007.  Petition, Exhibit M (court file doc. # 1-2,

3  p. 72.)  In this letter, Addison states that he is attaching "a couple of statements" that petitioner's

4  mother asked him for.  Id.  Attached to the petition as Exhibits N and O are what appear to be the

5  "statements" referred to by Addison in his letter.

6          The first statement is a report prepared by Addison on February 26, 2006,

7  summarizing his interview with Quintarus Sardin.  Petition, Exhibit N (court file doc. 1-2, pp.

8  74-75.)  In this interview, Sardin stated that in October 2005 he was housed in the juvenile

9  facility in Sacramento County.  Id.  During that time, he had open recreation time at the same

10  time as Romeo Brown.  Id.  Brown admitted to Sardin that he was the shooter in petitioner's

11  case.  Id.  Brown also told Sardin that he would have admitted his guilt at the time of petitioner's

12  trial, but he (Brown) was the defendant in another homicide case at the time and did not want to

13  fight two homicides at one time.  Id.  Sardin also said that Brown told another ward, Anthony

14  Johnson, that he was responsible for the shooting.  Id.

15          The second statement is a report prepared by Addison on May 8, 2007,

16  summarizing his interview with Brown.  Petition, Exhibit O (court file doc. 1-2, pp. 77-80.)

17  During this interview, Brown stated that he had been involved with two separate incidents

18  involving the shooting victim in petitioner's case.  Id.  During these incidents, the victim

19  physically removed a firearm from Brown's presence.  Id.  When asked whether he was

20  responsible for the shooting of the victim in petitioner's case, Brown stated that he would

21  provide a statement if any time he received that crime would run concurrent with his current

22  offense.  Id.

23          The claims raised in the instant petition are primarily based on the statements set

24  forth above.  Petitioner argues that he is factually innocent based on these statements.  He also

25  argues that trial counsel was ineffective for failing to investigate Brown as the actual shooter.

26  Petitioner argues that appellate counsel was ineffective for failing to raise an ineffective

assistance of counsel claim based on trial counsel's failure to investigate Brown.

The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Respondent argues that the statute of limitations runs from the date petitioner's conviction became final pursuant to 28 U.S.C. § 2244(d)(1)(A). If respondent is correct, then petitioner's application is time barred for the following reasons.

On December 15, 2006, the California Supreme Court denied petitioner's petition for review. Respondent's Lodged Document 2. Petitioner's conviction became final 90 days later on March 13, 2007, when the time for filing a petition for writ of certiorari expired. Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999). Petitioner had one year from that date, i.e. until March 14, 2008, to file a timely federal petition.

The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d)(2). On September 12, 2007, petitioner filed a habeas corpus petition in the Sacramento County Superior Court.

1   Respondent's Lodged Document 3.  As noted by respondent, the "mailbox" rule applies to state

2   and federal habeas petitions when calculating the statute of limitations.  Saffold v. Newland, 250

3   F.3d 1262, 1268-69 (9th Cir. 2000), amended May 23, 2001, overruled on other grounds by

4   Carey v. Saffold, 536 U.S. 214, 226 (2002).  Under the "mailbox rule," "a legal document is

5   deemed filed on the date a petitioner delivers it to the prison authorities for filing by mail."  Lott

6   v. Mueller, 304 F.3d 918, 921 (9th Cir.2002).  The proof of service attached to this petition is

7   signed by petitioner on September 8, 2007.  Respondent's Lodged Document 3.  Accordingly, the

8   court finds that the petition filed in the Superior Court was filed, pursuant to the mailbox rule, on

9   September 8, 2007.

10          On December 21, 2007, the Superior Court denied the petition.  Respondent's

11   Lodged Document 4.  On February 15, 2008, petitioner filed a habeas corpus petition in the

12   California Court of Appeal.  Respondent's Lodged Document 5.  On February 28, 2008, the

13   Court of Appeal denied the petition.  Respondent's Lodged Document 6.  On March 21, 2008,

14   petitioner filed a habeas corpus petition in the California Supreme Court.  Respondent's Lodged

15   Document 7.  On September 10, 2008, the California Supreme Court denied this petition.

16   Respondent's Lodged Document 8.

17          Petitioner is entitled to statutory tolling from September 8, 2007, to September 10,

18   2008, i.e. for 368 days.  Adding 368 days to March 14, 2008, would make petitioner's federal

19   petition due March 17, 2009.

20          The proof of service attached to the instant petition is dated March 2009.  Court

21   file doc. 1-2, p. 87.  In other words, the proof of service does not state the specific date on which

22   it was served, but only identifies the month.  The petition was signed by petitioner on March 18,

23   2009. Court file doc. 1, p. 7.  Respondent has provided a copy of the prison mail logs which

24   show that on March 25, 2009, mail was sent from petitioner to this court.  Respondent's Lodged

25   Document 9.  If petitioner delivered his petition to prison authorities for mailing on the date it

26   was signed, it is one day late.  If petitioner delivered the petition to prison authorities for mailing

1    on the date it was mailed, which is much more likely, it is eight days late.

2          In his opposition, petitioner argues that he could not file a timely federal petition

3    because he was denied access to his legal property from December 16, 2008, to February 5, 2009.

4    During this time, plaintiff was housed in administrative segregation after being charged with

5    battery on an inmate.  Petitioner contends that after his legal property was returned to him, it took

6    four days to rearrange it.  Petitioner argues that this state-created impediment prevented him from

7    filing a timely petition.  The court construes petitioner's claims regarding the denial of access to

8    legal property as an argument for equitable tolling.

9          "Generally, a litigant seeking equitable tolling bears the burden of establishing

10   two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

11   circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418, 12 S. Ct. 1807, 1814;

12   Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (a habeas petitioner bears the burden of

13   proving that equitable tolling should apply to avoid dismissal of an untimely petition).

14   "Equitable tolling is unavailable in most cases," and is only appropriate "if *extraordinary*

15   circumstances beyond a prisoner's control make it impossible to file a petition on time."

16   Miranda, supra, at 1066 (internal quotations/citations omitted [emphasis added in Miranda]).  A

17   petitioner must reach a "very high" threshold "to trigger equitable tolling [under AEDPA]...lest

18   the exceptions swallow the rule."  Id.

19         In the reply to petitioner's opposition, respondent argues that petitioner should not

20   receive equitable tolling for the time he was denied access to his legal property because it was his

21   own fault that he was placed in administrative segregation.  The undersigned is aware of no

22   Ninth Circuit case finding equitable tolling where the petitioner was denied access to his legal

23   property for reasons related to his own misconduct.  In Espinoza-Matthews v. California, 432

24   F.3d 1021 (9th Cir. 2005), the Ninth Circuit found that a petitioner was entitled to equitable

25   tolling for the time he was denied access to his legal files while housed in administrative

26   segregation.  In Espinoza-Matthews, the Ninth Circuit specifically noted that "[d]enial of access

1  to Espinoza-Matthews's legal property while he was in Ad/Seg is particularly troublesome

2  because, as he points out, he was housed in Ad/Seg not as punishment but to protect him from

3  further assault." 432 F.3d at 1028.

4          Even if the court found that petitioner was entitled to equitable tolling for the time

5  he was denied access to his legal property, this would not explain why it took him approximately

6  six weeks after the return of his legal property to file a timely federal petition.

7          Both parties have also addressed whether an actual innocence exception to the

8  statute of limitations exists and, if so, whether petitioner has met its requirements. The

9  undersigned need not reach the equitable tolling issues nor the actual innocence issues because it

10 appears that the more appropriate statute of limitations for this action is from the date the factual

11 predicate of the claims was discovered. U.S.C. § 2244(d)(1)(D). This is because petitioner's

12 claims are based on newly discovered evidence that was not made available to petitioner until

13 July 2007 when Mr. Addison sent him the reports of his interviews with Sardin and Brown.

14         Accordingly, IT IS HEREBY ORDERED that within fourteen days of the date of

15 this order, respondent shall file briefing addressing the application of 28 U.S.C. § 2244(d)(1)(D)

16 in calculating the timeliness of the petition; petitioner may file a reply brief within seven days

17 thereafter.

18 DATED: 12/10/09                              /s/ Gregory G. Hollows

19                                             _____
                                              UNITED STATES MAGISTRATE JUDGE

20

21 john850.fb

22

23

24

25

26